UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BAC HOME LOAN SERVICES LP, | ) | CASE NO. 1:10 CV 146 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) | |
| | ) | |
| LAURA BETH CZERWINSKI, et al., | ) | |
| | ) | ORDER OF REMAND |
| Defendants. | ) | |

On January 21, 2010, pro se defendants Laura Beth Czerwinski and Donald Michael Czerwinski filed a Notice of Removal of this foreclosure action from the Ashtabula County Court of Common Pleas. In the Notice of Removal, the Czerwinskis assert that the federal court has original jurisdiction over this matter through diversity of citizenship, and the existence of a federal question under 31 U.S.C. § 3123, 31 U.S.C. § 5103, 15 U.S.C. §1692 and "Public Law HJR-192 of 1922, 73-10." (Not. at 3.) They assert that although the state court action proceeded to judgment, the Notice of Removal is nevertheless timely because they were never properly served with the complaint.

The plaintiff, BAC Home Loan Services LP ("BAC") filed a Motion for Remand on February 11, 2010. BAC contends the defendants were properly served on November 19, 2009.

They claim the removal is untimely. In addition, BAC claims this court lacks subject matter jurisdiction to hear this case, and requests immediate remand of the case to the Ashtabula Court of Common Pleas.

**Background**

Laura Czerwinski obtained a loan from Countywide Bank in the amount of $116,375.00 on November 1, 2007. The loan was secured by a mortgage on a parcel of property located at 60 Park St., Orwell, OH 44076-9562. (See Compl. Ex. B.) The loan was assigned to BAC on August 31, 2009. BAC determined the mortgage was in default, and filed a foreclosure action in the Ashtabula County Court of Common Pleas on September 19, 2009 against Laura Czerwinski, her husband Donald Czerwinski, and the Ashtabula County Treasurer.

BAC made numerous attempts to serve the Czerwinskis. Summonses and Complaints were sent to the Czerwinskis by certified mail on September 25, 2009 at three different addresses: 60 Park St., Orwell, OH 44076-9562, 645 S. Green Rd., Cleveland, OH 44121, and P.O. Box 162, Orwell, OH 44076. Process servers were also sent to the Park Street and S. Green Road addresses, but were unable to serve the defendants. The complaints sent by certified mail went unclaimed. A second process server was sent to the addresses on Park Street and South Green Road on October 30, 2009. The court docket indicates that on November 16, 2009, the process server attempted to personally serve Laura Czerwinski. The return of service filed on November 19, 2009 indicated that it was "refused" by Laura Czerwinski who claimed she resided at 548 Southfield Street in Maumee, Ohio. A request for service by regular mail was filed on November 6, 2009. Complaints were sent by regular mail to the addresses on Park Street, South Green Road, and to the post office box in Orwell on November 19, 2009. Regular mail service on Laura Czerwinski at the

2

Park Street address was returned to the court on December 10, 2009 marked "refused." The regular mail service on Donald Czerwinski was returned to the court on December 14, 2009, also marked "refused."

BAC filed a Motion for Default Judgment on December 28, 2009. In the Motion, BAC contends that service was completed pursuant to Ohio Civil Procedure Rule 4.4 and 4.6(D) when the complaint was sent by regular mail to the defendants. The plaintiff also alleges service by publication was completed pursuant to Ohio Civil Procedure Rule 4.4. and an affidavit of service by publication was filed on January 4, 2010. The Ashtabula County Court of Common Pleas granted the Motion and issued a Decree of Foreclosure on January 7, 2010. Copies of the Decree were sent to the Czerwinski's at the addresses listed above. They were returned to the Court with the notation, "not deliverable as addressed."

Shortly thereafter, on January 21, 2010, the Czerwinskis filed a Motion to Vacate and Set Aside Judgment, and the within Notice of Removal. In each of these filings, the defendants list their address for service as c/o 60 Park St., Orwell, OH 44076-9562. This is the same address to which the plaintiffs sent complaints and summons by certified mail that went unclaimed and by regular mail that was returned to the court marked as "refused." There is also a notation in the court's docket that personal service at this address was refused by Mrs. Czerwinski. In the Notice of Removal, the Czerwinskis allege they were unaware of the foreclosure action until a mutual friend informed them of the proceedings on January 19, 2010.

**Analysis**

A defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A civil action

3

founded on a claim based on a federal statute may be removed regardless of the citizenship of the parties. 28 U.S.C. § 1441(b). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). To remove a civil action from state court to federal court, the defendant or defendants must file in the district court a notice of removal containing a short and plain statement of the grounds for removal within 30 days of service of the complaint. 28 U.S.C. § 1446(a), (b).

The notice of removal in this case was not filed within 30 days of the date of service. 28 U.S.C. § 1446(b). Under the Ohio Rules of Civil Procedure, if the complaint and summons sent by certified mail are refused or go unclaimed, the attorney of record for the plaintiff may instruct the clerk to serve the complaint by regular mail. OHIO R. CIV. P. 4.6(C) and (D). Service is deemed to be complete when the fact of mailing is entered of record. OHIO R. CIV. P. 4.6(C) and (D). The certified letters sent to the Czerwinskis at 60 Park St., Orwell, OH 44076-9562 went unclaimed. The plaintiff then instructed the court to serve the defendants by regular mail. The fact of regular mail service was entered on the court's docket on November 20, 2009. Service by regular mail at this address was returned as "refused" on December 10, 2009. On December 28, 2009, BAC filed a Motion for Default Judgment. The Ashtabula Court of Common Pleas determined that the necessary parties were served by regular mail, that 28 days had passed without a responsive pleading, and the plaintiff's Motion for Default Judgment was properly before the court. Because the defendants were determined to have been served when the fact of regular mailing was recorded on November 20, 2009, the defendants' filing of a Notice of Removal on January 21, 2010, was untimely.

Moreover, although the Czerwinskis want to now litigate the issue of proper service,

4

and contest the validity of the mortgage loan, this court cannot hear that matter anew. A judgment has been issued in this case by the Ashtabula Court of Common Pleas. A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; Dubuc v. Green Oak Township, 312 F.3d 736, 744 (6th Cir. 2002). The preclusive effect of the previous state court judgments are therefore governed by Ohio law on preclusion. Id. Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit. National Amusement, Inc. v. Springdale, 53 Ohio St. 3d 60, 62 (1990). The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action he files, or forever be barred from asserting it. Id. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. Allen v. McCurry, 449 U.S. 90, 94 (1980). The Ohio courts have already determined that service was properly perfected under the Ohio Rules of Civil Procedure, that the promissory note was valid and issued judgment against Laura Czerwinski in the amount of $115,020.60. This court is bound to give full faith and credit to the decision of the Ashtabula County Court of Common Pleas.

## Conclusion

Accordingly, this action is remanded to the Ashtabula County Court of Common Pleas. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

IT IS SO ORDERED.

                                                 s/ Kathleen M. O'Malley
                                             KATHLEEN M. O'MALLEY
                                             UNITED STATES DISTRICT JUDGE

**Dated**: March 5, 2010